UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-565 |
| | § | |
| RUBEN VALLE | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND <u>DENYING CERTIFICATE OF APPEALABILITY</u>**

On April 3, 2014, the Clerk received Movant Ruben Valle's (Valle) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 24. The Government filed a motion for summary judgment seeking to enforce Valle's waiver of his right to file the present motion. D.E. 40. Valle did not respond.

For the reasons discussed herein, the Government's motion for summary judgment is GRANTED, Valle's motion to vacate is DENIED, and Valle is DENIED a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Valle was indicted in July 2012 for conspiracy to kill another inmate in the Bureau of Prisons. D.E. 1. He was arrested in November 2012 and was appointed counsel. D.E. 6. He pled guilty pursuant to a plea agreement. D.E. 18. In exchange for his guilty plea, the Government agreed to recommend that Valle receive maximum credit for acceptance of responsibility and to recommend a sentence at the low end of the applicable guideline

range.  As part of the plea agreement, Valle waived his right to appeal his sentence or to file a motion to vacate, set aside, or correct sentence. D.E. 18, ¶ 7.

During rearraignment, the Court explained the statutory maximum sentence of life imprisonment, to be followed by at least five years of supervised release.  D.E. 30, pp. 7:25–8:5.  Valle testified that the Government's summary of the plea agreement comported with his understanding of the agreement. *Id*., p. 13:23-25.  He testified that he read the plea agreement before he signed it, discussed it with counsel, and he understood he was giving up his right to appeal.  *Id*., pp. 14: 4-8, 14:25–15:4.

The Presentence Investigation Report (PSR) (D.E. 19) established Valle's base offense level at 43.  He did not receive credit for acceptance of responsibility because contraband (cigarettes, baggies, and methamphetamine) was found in his cell after he signed the plea agreement and a few weeks before sentencing.  D.E. 19, ¶¶ 16, 25.  Valle's plea agreement provided that if the "Defendant has committed or attempted to commit any additional crimes from the date of Defendant's signing of this plea agreement to the date of Defendant's sentencing, the Government will be released from its obligation to recommend credit for acceptance of responsibility . . . ." D.E. 18, ¶ 10. ¶¶ 16, 26.  Valle was determined to be a career offender, and his criminal history category was VI based upon a criminal history score of 20.  *Id*., ¶¶ 27, 31–49.  His status as a career offender did not affect his offense level or his criminal history category.  Valle's guideline sentencing range was life imprisonment.  *Id*., ¶ 76.  Had Valle received credit for acceptance of responsibility, his guideline range would have been 360 months to life imprisonment.  *See* Sentencing Table (offense level 40, criminal history category VI).

Valle testified that he read the PSR and discussed it with counsel. D.E. 31, p. 2:12-19. His counsel did not file objections to the PSR. At sentencing, his counsel argued that Valle had a minor role in the offense and had refused to engage in further gang violence in prison after the murder of the rival gang member in this case. Counsel further argued that Valle did not kill the rival gang member, but rather served as a lookout. *Id.*, pp. 5:10–6:2. Counsel argued that Valle's previous criminal history was drug related and not violent, and urged the Court to consider a below guideline sentence of 262 months. *Id.* p. 6:3-24.

This Court sentenced Valle to life imprisonment, to be followed by five years of supervised release. D.E. 22, pp. 2, 3, 5. After the Court imposed the sentence, the Court reminded Valle that he had waived his right to appeal. D.E. 31, pp. 11:24–12:3. Valle's sentence was later reduced to 240 months pursuant to Federal Rule of Criminal Procedure 35(b). D.E. 38.

### III. MOVANT'S ALLEGATIONS

Valle claims that his counsel provided ineffective assistance because he failed to: 1) adequately advise him of his sentencing exposure, 2) object to the PSR, produce evidence to support a minor role adjustment, and object to the lack of acceptance of responsibility, and 3) file a notice of appeal after counsel was told that Valle wanted to appeal. Valle further claims that his guilty plea was involuntary because he did not understand the consequences of the plea.

# IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Valle Waived His Right to File the Motion to Vacate**

Valle claims that counsel failed to adequately advise him of his sentencing exposure. He further claims that his plea was involuntary because he did not understand the consequences of his plea.

"As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id*. at 343–44.

The Government summarized the plea agreement at rearraignment, including the waivers of Valle's right to appeal and to file a § 2255 motion. The Court specifically admonished Valle regarding his waiver of the right to appeal but did not specifically address his waiver of § 2255 rights as set forth in his plea agreement. Still a court's failure to specifically mention § 2255 rights does not render the waiver ineffective. *United States v. Narvaez*, 425 F.App'x. 488, 493 (5th Cir. 2011) (per curiam); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (*en banc*) (finding error during plea colloquy to be harmless); *United States v. Walkes*, 410 F.App'x 800, 806 (5th Cir. 2011) (per curiam) (district court's failure to admonish defendant of his right to remain silent not reversible error); *United States v. Azarte–Davalos*, 328 F.App'x 921, 922 (5th Cir. 2009) (per curiam) (designated unpublished) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing).

Valle testified at rearraignment that he read and discussed his plea agreement with counsel before he signed it and that he understood it. The Court questioned him regarding his waiver of appeal. He testified that he was aware of the waiver, had discussed the waiver with counsel, and understood it.

The burden to demonstrate that his plea and waiver should not be enforced is on Valle. Although Valle claims that he did not understand the consequences of his plea and that his counsel did not provide him with accurate information regarding his sentencing exposure, Valle does not set forth the facts related to that claim, such as what sentencing exposure he and counsel discussed and how that was different from the ultimate sentence he received. Counsel provided an affidavit in which he testified that he and Valle

discussed "a wide range of penalty possibilities, including the maximum possible sentence, which was life imprisonment." D.E. 37, p.1

> He and I specifically discussed how the guidelines would be calculated, that it appeared his base offense level would be 43, and with acceptance of responsibility, a level 40; that the guidelines were advisory, meaning the court did not have to impose a guideline sentence. We discussed that there was no way to know what his sentence would be until sentencing. He indicated to me that he understood that the guidelines were advisory. When we reviewed the Government's plea agreement, we again discussed the fact that there was no way to know what his sentence would be. We discussed each paragraph of the plea agreement, and how it could affect Mr. Valle's sentence. He stated to me he understood what I told him and what he had read, and the potential consequences of his signing the plea agreement and his plea of guilty. Mr. Valle indicated to me that he knew how the guidelines would be applied, what the maximum possible sentence was, and that he understood there was no guarantee as to what his sentence would be.

*Id.*, p. 2.

Valle's sworn statements in open court that he understood the plea agreement and the waiver of his right to appeal and to file a § 2255 motion are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Valle's plea agreement and his sworn statements preclude the relief he seeks here. The evidence

before the Court supports the finding that Valle's guilty plea, including the waivers, was knowing and voluntary. The waiver is enforceable and bars his claims.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Although Valle has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Valle is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment (D.E. 40) is GRANTED, Valle's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 24) is DENIED, and Valle is DENIED a Certificate of Appealability.

ORDERED this 17th day of December, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE